IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PRISCILLA ELLIS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-CV-1356-P |
| | § | |
| MICHAEL CARR, Warden, | § | |
| FMC-Carswell, | § | |
| Respondent. | § | |

## OPINION AND ORDER

This habeas-corpus action under 28 U.S.C. § 2241 was opened pursuant to the order of the Court in Case No. 4:20-CV-310-P. Order, Ellis v. Carr, Civil Action No. 4:20-CV-310-P, ECF No. 12. Petitioner, Priscilla Ellis, is a federal prisoner confined at FMC-Carswell in Fort Worth, Texas, against Respondent, M. Carr, warden of FMC-Carswell. Currently pending before the Court in this action are two form petitions for writ of habeas corpus under § 2241. The first petition (ECF No. 2), referred in his opinion as Petition I, was severed from Petitioner's civil-rights complaint in case no. 4:20-CV-310-P and the second petition (ECF No. 5), referred to in this opinion as Petition II, was filed on December 21, 2020 (ECF No. 5). After considering the petitions and relief sought, the Court concludes that the petitions should be dismissed as abusive and that a sanction should be imposed.

**I. BACKGROUND**

In 2017 Petitioner was convicted of conspiring to commit mail and wire fraud and money laundering in the United States District Court for the Middle District of Florida, Case No. 8:15-cr-320-T-23TGW. Am. J., United States v. Ellis, Criminal Docket for Case No.

8:15-cr-00320-SDM-TGW-3, ECF No. 771. In 2018 she was convicted of conspiring to make, utter, or possess a counterfeited or forged security, retaliating against a witness (2 counts), and using interstate commerce facilities in the commission of murder-for-hire (2 counts) in the same court in Case No. 8:16-cr-502-T-30TBM. J., United States v. Ellis, Criminal Docket for Case No. 8:16-cr-00502-JSM-AEP-1, ECF No. 129.

## II. ISSUES

In the these petitions, Petitioner challenges on substantive grounds her convictions and sentences in the Middle District of Florida and seeks immediate release from custody and vacation of her convictions. Pet. I 5-6, ECF No. 2; Pet. II 5-6, ECF No. 5.

## III. DISCUSSION

By the Court's calculation, these petitions are Petitioner's fourth and fifth § 2241 habeas petitions filed in this Court challenging her 2017 and 2018 convictions in the Middle District of Florida, her conditions of confinement at FMC-Carswell, and/or a SAM order. Petitioner was informed in her prior § 2241 petition in Case No. 4:19-CV-1065-O that § 2255 is the primary means under which a federal prisoner may collaterally attack the legality of a federal conviction and sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). She is thus aware that a § 2241 petition attacking one or more of her federal convictions or sentences may be considered only if she can establish that the remedy under § 2255 is inadequate or ineffective to test the legality of her detention. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000); *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). To

2

do so, she bears the burden of showing that (1) her claim(s) are based on a retroactively applicable United States Supreme Court decision, (2) her claim(s) were foreclosed by circuit law at the time when they should have been raised at trial, on appeal, or in a first § 2255 motion, and (3) that retroactively applicable decision establishes that she may have been convicted of a nonexistent offense(s). *See Garland v. Roy,* 615 F.3d 391, 394 (5th Cir. 2010); *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Petitioner neither asserts nor demonstrates that she can satisfy these requirements.

Petitioner persists in filing repetitious and frivolous § 2241 habeas petitions and has been previously sanctioned by the Court for doing so. Op. & Order 2-3, Ellis v. Carr, Civil Action No. 4:19-cv-1013-O, ECF No. 28. Undeterred, the Court concludes that these petitions are abusive and should be summarily dismissed. The Court further concludes that Petitioner should be **BARRED** from filing any future § 2241 petitions or pleadings, however they are styled, in this Court challenging her 2017 and 2018 convictions in the Middle District of Florida, Case Nos. 8:15-cr-320-T-23TGW and 8:16-cr-502-T-30TBM, without leave of court.

### IV.  CONCLUSION

For the reasons discussed herein, the petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 are **DISMISSED** with prejudice as an abuse of the writ. A certificate of appealability is **DENIED**. All pending motions are **DENIED.** Further, Petitioner is

**BARRED** from filing any future petitions for writ of habeas corpus under 28 U.S.C. § 2241 or other filings, however they are styled, in this Court challenging her 2017 and 2018 convictions in the Middle District of Florida, Case Nos. 8:15-cr-320-T-23TGW and 8:16-cr-502-T-30TBM, without leave of court.

    **SO ORDERED** on this 19th day of January, 2021.

                                          *[signature]*
                                          Mark T. Pittman
                                          UNITED STATES DISTRICT JUDGE